UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GAIL ANN SCHULTZ,

        Plaintiff,

v.

        Case Number 07-13932-BC
        Honorable Thomas L. Ludington

BURTON-MOORE FORD, INC., *d/b/a Moore
Motor Sales, Inc.* and AMERICREDIT
FINANCIAL SERVICES, INC.,

        Defendants.
_____/

## ORDER DIRECTING SUPPLEMENTAL BRIEFING ADDRESSING DEFENDANTS' MOTION FOR RECONSIDERATION

Defendants Burton-Moore Ford, Inc. and Americredit Financial Services, Inc.'s ("Defendants") motion for reconsideration [Dkt. # 42] is presently before the Court. On March 28, 2008, Plaintiff filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Dkt. # 29. The Court heard oral arguments on May 28, 2008 and issued an order granting in part and denying in part Plaintiff's motion on June 5, 2008. Defendants filed a motion for reconsideration of that order pursuant to E.D. Mich. LR 7.1(g).

The Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.,* 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). The local rules provide that any "motion for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." E.D. Mich. LR 7.1(g)(3).

The underlying action arises out of the purchase of a used Ford Taurus. Plaintiff's complaint alleges that Defendants did not make certain disclosures during the transaction, which violated various federal and Michigan consumer protection statutes. In the June 5, 2008 order, the Court concluded that Defendant violated Michigan's Motor Vehicle Sales Finance Act ("MVSFA"), Mich. Comp. Laws § 492.113(2)(a), when Defendants did not individually identify the purchase price of the Taurus and the value of the trade-in vehicle, and calculated the applicable sales tax on the total amount of the loan instead of only the sales price of the Taurus. Dkt. # 41 at 8-9. Defendants contend that the Court's conclusion was incorrect because the MVSFA provides that compliance with the Truth in Lending Act ("TILA"), 15 U.S.C. § 1638, constitutes compliance with the MVSFA. Mich. Comp. Laws § 492.122a. Defendants assert that the sales agreement complied with the disclosure requirements of TILA and, thus, satisfied the requirements of MVSFA. Defendants' motion for reconsideration merits further attention. The Court finds that further briefing would aid the Court in addressing the issue raised in Defendants' motion for reconsideration. E.D. Mich. LR 7.1(g)(2).

Accordingly, it is **ORDERED** that Plaintiff may file a response brief to Defendants' motion for reconsideration on or before **July 14, 2008**. Plaintiff's brief may not exceed **ten (10) pages**. Defendants may file a reply brief on or before **July 21, 2008**. Defendants' brief may not exceed **five (5) pages**.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: June 27, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 27, 2008.

                                                s/Tracy A. Jacobs
                                                TRACY A. JACOBS