UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GAIL ANN SCHULTZ,

        Plaintiff,

                                                    Case Number 07-13932-BC
v.                                                  Honorable Thomas L. Ludington

BURTON-MOORE FORD, INC., *d/b/a Moore
Motor Sales, Inc.* and AMERICREDIT
FINANCIAL SERVICES, INC.,
        Defendants.
_____/

**<u>ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND
SCHEDULING ORDER, STRIKING PLAINTIFF'S SECOND MOTION FOR
SUMMARY JUDGMENT, AND STRIKING PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR RECONSIDERATION</u>**

On September 18, 2007, Defendant Burton-Moore Ford, Incorporated removed Plaintiff Gail Ann Schultz's ("Plaintiff") complaint to this Court. Plaintiff's complaint alleges that Defendant's conduct during the sale of a used automobile violated various state and federal consumer protection statutes. On March 28, 2008, Plaintiff moved for summary judgment [Dkt. # 29], which the Court granted in part and denied in part. Defendant moved for reconsideration [Dkt. # 42], and the Court directed Plaintiff to respond on or before July 14, 2008 with a brief not exceeding ten pages. On July 15, 2008, Plaintiff filed a nineteen page response brief at 12:23 a.m. Dkt. # 52, 53.[1] Defendant moved to strike the Plaintiff's response as untimely and in violation of the Court's order.

Defendant also filed a motion for summary judgment. Dkt. # 60. Plaintiff filed a second motion for summary judgment [Dkt. # 62] and a motion to amend the complaint and the Court's

---

[1] Plaintiff twice docketed the response. Apparently, Plaintiff's first copy [Dkt. # 52] was partially illegible. Thus, Plaintiff filed a second copy. Dkt. # 53. Plaintiff's counsel did not, however, inform the Court of her reasoning or provide another explanation.

scheduling order [Dkt. # 58]. These motions are currently pending before the Court.

First, Plaintiff's response brief to Defendant's motion for reconsideration was filed in a non-conforming manner with the Court's order. *See* dkt. # 50 at 2. The Court directed Plaintiff to file a response brief not to exceed ten pages. *See* E.D. Mich. LR 7.1(g)(2). Plaintiff's brief, however, exceeded the ten page limit by nine pages, yet Plaintiff did not request a page extension by filing an ex parte motion. *See e.g.* E.D. Mich. LR 7.1(c)(1). Thus, the Court will strike the response and permit Plaintiff to file a response brief in conformity with the Court's order.[2]

Second, Plaintiff filed a second motion for summary judgment [Dkt. # 62] on August 29, 2008. Plaintiff previously filed a motion for summary judgment [Dkt. # 29] on March 28, 2008, which the Court granted in part. *See* dkt. # 41. The Court's initial scheduling order provides that "[n]o party may file more than one motion for summary judgment without obtaining leave of court." Dkt. #13 at 2. Plaintiff did not seek leave to file a second dispositive motion. Therefore, the Court will strike Plaintiff's second motion for summary judgment.

Third, Plaintiff requests that the Court permit her to amend her complaint and extend the scheduling dates. On January 21, 2008, Plaintiff amended her complaint, advancing eleven claims against Burton-Moore Ford and Americredit Financial Services ("Defendants"). Plaintiff alleged that Defendants' sale and financing of a 2007 Ford Taurus violated the following statutes:

(1) The Truth in Lending Act ("TILA"), 15 U.S.C. § 1638(a);
(2) The Motor Vehicle Sales Finance Act ("MVSFA"), Mich. Comp. Laws § 492.113;
(3) The Credit Reform Act ("CRA"), Mich. Comp. Laws § 445.1851;
(4) The Motor Vehicle Installment Sales Contract Act ("MVISC"), Mich. Comp. Laws § 566.301;

---

[2] Defendant also moved to strike Plaintiff's response brief as untimely. Although technically late, Plaintiff's response brief was twenty-three minutes tardy. Plaintiff should not be precluded from presenting an argument to the Court on such a technicality.

(5) The Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2308(c);
(6) The Michigan Motor Vehicle Code, Mich. Comp. Laws § 257.233a; and
(7) The Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679.

Additionally, Plaintiff brought claims for deception and fraud, breach of contract, breach of good faith, and negligence. Plaintiff's first amended complaint only concerns the purchase of the Ford Taurus.

On August 1, 2008, Plaintiff filed the instant motion to file a second amended complaint. Plaintiff seeks to add factual allegations concerning the purchase of an additional automobile, a Grand Marquis. Plaintiff contends that discovery yielded information surrounding inaccurate disclosures made during the Grand Marquis transaction.

Pursuant to the Federal Rule of Procedure 15(a)(2), leave to amend shall be "freely give[n] . . . when justice so requires," but "that window of opportunity does not remain open forever." *Shane v. Bunzl Distribution USA, Inc.*, 275 Fed.Appx. 535, 536 (6th Cir. 2008). "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir. 1995) (*citing Ford v. Ford*, 371 U.S. 187 (1962)). A plaintiff's amendment outside the scheduling order's parameters is untimely when the plaintiff had personal knowledge of material facts or claims to be added. *Shane*, 275 Fed.Appx. at 537.

Here, Plaintiff seeks to add allegations concerning the purchase of the Grand Marquis. Plaintiff acknowledges that she was personally involved in that transaction with the Defendant. For the most part, the alleged statutory violations concern inaccurate disclosures contained in documents related to the transaction (e.g. Defendant inaccurately documented the mileage contained in the odometer of the Grand Marquis). Plaintiff has not offered any justification why she only recently

learned of the inaccurate documentation relevant to the Grand Marquis. Rather, it appears that her involvement in the transaction furnished her knowledge well before she filed her initial complaint. Prior to this motion, Plaintiff has not advanced any claims relevant to the Grand Marquis transaction. Moreover, permitting Plaintiff to amend her complaint after the completion of discovery and the filing of dispositive motions in order to advance claims under a separate transaction would also prejudice Defendants. Ultimately, Plaintiff's delay is unwarranted and the amendment shall be denied.

Likewise, Plaintiff has not demonstrated good cause for extending the scheduling order dates. The Court previously extended the dates in the scheduling order by approximately four months. *See* dkt. # 41 at 13. The discovery deadline expired on July 18, 2008. Plaintiff filed the instant motion to extend discovery an additional thirty days on August 1, 2008.

Federal Rule of Civil Procedure 16(b)(4) authorizes district courts to manage scheduling and permits modifications "only for good cause and with the judge's consent." "[L]ate-moving litigants [are required] to show that 'despite their diligence they could not meet the original deadline.'" *Shane v. Bunzl Distribution USA, Inc.*, 275 Fed.Appx. 535, 536 (6th Cir. 2008) (*quoting Leary v. Daeschner*, 349 F.3d 888, 906-07 (6th Cir. 2003)).

As discussed above, Plaintiff has not demonstrated diligence in pursuing claims related to the purchase of the Grand Marquis. Nor has Plaintiff demonstrated good cause for again extending the scheduling order. On November 20, 2008, the Court issued its initial scheduling order. Plaintiff has not offered a compelling reason why eight months was insufficient to complete necessary discovery concerning a relatively simple commercial transaction.

Accordingly, it is **ORDERED** Defendant's motion to strike [Dkt. # 54] is **GRANTED.**

It is further **ORDERED** that Plaintiff's responses to Defendant's motion for reconsideration [Dkt. # 52, 53] and Plaintiff's motion for summary judgment [Dkt. # 62] are **STRICKEN**. The Clerk is **DIRECTED** to remove those images [Dkt. # 52, 53, 62] from the electronic docket. Plaintiff may file a response to Defendant's motion for reconsideration on or before **September 23, 2008**. Plaintiff's response brief is not to exceed **ten (10) pages**.

It is further **ORDERED** that Plaintiff's motion to amend the complaint and scheduling order dates [Dkt. # 58] is **DENIED**.

It is further **ORDERED** that counsel for the parties shall appear on **November 12, 2008 at 2:30 p.m.** for a hearing on Defendant's motion for reconsideration [Dkt. # 42] and Defendant's motion for summary judgment [Dkt. # 60].

                                           s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

Dated: September 11, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 11, 2008.

                                   s/Tracy A. Jacobs
                                   TRACY A. JACOBS